UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-22064-CIV-KING

MAURICIO REYES, ORLANDO
MARTINEZ, FRANCO BOANERGES,
ROBERTO ANDRADE, RONALD
VASQUEZ, HENRY ELIAS, SANTOS
MORENO, JOSE O. MEJIA, SANTOS
FERMIN RUIZ, SAUL HERNANDEZ,
MARIO ALEXANDER DIAZ MONTUFER
MIGUEL VILLANUEVA, DIEGO OMAR
VALLE, ALEXIS VALLE, MARIO
VASQUEZ, WILSON MATUTE, ELVIN
LEONARDO SANCHEZ, MELVIN
VILLALTA, EMILIO ORDONEZ,
PEDRO VARGAS, SALVADOR
FUENTES, PEDRO A. CHAVEZ,
CARLOS RENE ALVARADO, CARLOS
ALVARADO, JR., and all others similarly
situated under 29 U.S.C. 216(B),

    Plaintiffs,

v.

S.W.C. STRUCTURAL, INC.,
SAMUEL VELASQUEZ,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL

THIS CAUSE comes before the Court upon Defendants' March 20, 2009 Motion to Compel (D.E. #48).

1

In the instant Motion, the Defendants ask this Court to "compel Plaintiffs to submit the required Rule 26.1 Disclosures, including computation of damages for each Plaintiff." Defendants refer to the Southern District of Florida, Local Rule 26.1(A), which requires that "a party must comply with the disclosure obligations imposed under Federal Rule of Civil Procedure 26(a)(1) . . . ." Federal Rule of Civil Procedure 26(a)(1)(iii) requires that a "party must, without awaiting a discovery request, provide . . . a computation of each category of damages claimed by the disclosing party . . . ."

A review of the Record demonstrates that this case was filed on July 22, 2008 (D.E. #1). This Court entered a Scheduling Order on December 11, 2008 (D.E. #18), which set trial for the week of June 29, 2009 and final pretrial conference on June 12, 2009. The July 22, 2008 Scheduling Order also set a discovery deadline of April 9, 2009 and a motion practice deadline of April 14, 2009.

In filing its instant Motion to Compel, the Defendants have waited until just twenty days before the discovery deadline to notify the Court of the Plaintiffs' failure to comply with Fed. R. Civ. P. 26. Defendants have known about the April 9, 2009 discovery deadline since December 11, 2008. By waiting for over three months to bring the issue to the Court's attention, it is now too late for the Court to fairly and effectively rule on the Motion before the close of discovery. Defendants filed the instant Motion on March 20, 2009. Under the Federal Rules of Civil Procedure, the Plaintiffs have twenty days to respond to the Defendants' Motion. If the Court properly allowed the Plaintiffs time to

2

respond to the Defendants' Motion, the Court's granting or denying of the Motion could not be entered until well after the April 9, 2009 close of discovery.

If the Defendants would have brought this Motion timely to the Court, the Court would have had time to compel the disclosures prior to the discovery deadline. The Court reminds the Defendants that, under Fed. R. Civ. P. 26, "[a] Party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference . . . ." Fed. R. Civ. P. 26(a)(1)(C). While, in the instant Motion, the Defendants fail to inform the Court as to the date of the Rule 26(f) conference between the Parties, "in any event [the conference should be held] at least 21 days before a scheduling conference is to be held or a scheduling order is due . . . ." Fed. R. Civ. P. 26(f). A review of the record demonstrates that this Court held a scheduling conference on October 10, 2008. Thus, at least 21 days prior to the Court's October 10, 2008 conference, the Parties should have had their Rule 26(f) scheduling conference. After holding the Rule 26(f) scheduling conference, the Defendants would have been entitled to the Plaintiffs' initial disclosures within 14 days. Thus, had the Federal Rules of Civil Procedure been followed, the Defendants could have brought to the Court's attention the Plaintiffs' failure to make the proper initial disclosures over five months ago.[1]

---

[1] The Court is well aware that multiple Plaintiffs have been added to the above-styled case through the Plaintiffs' six amended complaints. Nonetheless, Defendants could have asked for the initial disclosures from the joined Plaintiffs within 30 days of each Plaintiff being joined. See Fed. R. Civ. P. 26(a)(1)(D) ("[a] party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures

The undersigned firmly believes that lawyers have a right to rely on the Court's enforcement of the Federal Rules of Civil Procedure; however, to do so, a lawyer must act in a timely manner as prescribed by the Rules. Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that the Defendants' Motion to Compel **(D.E. #48)** be, and the same is hereby, **DENIED**.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 24th day of March, 2009.

_____
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

<u>**Counsel for Plaintiffs**</u>
**Jamie Zidell**
**Daniel T. Feld**
**K. David Kelly**
300 71st Street, Suite #605
Miami Beach, Florida 33141

<u>**Counsel for Defendants**</u>
**Edilberto O. Marban**
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126

---

within 30 days after being served or joined . . . .").